ACCEPTED
04-15-00127-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/14/2015 1:35:32 PM
KEITH HOTTLE
CLERK

No. 04-15-00127CV

IN THE COURT OF APPEALS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

08/14/2015 1:35:32 PM

KEITH E. HOTTLE
Clerk

AT SAN ANTONIO

---

EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C., *Appellants*

V.

GRACE RIVER RANCH, LLC, *Appellee*

---

Appealed from
the 218th District Court of
La Salle County, Texas

---

SUR REPLY BRIEF OF APPELLEE

---

MOORMAN TATE HALEY
UPCHURCH & YATES, LLP

By:  STEVEN C. HALEY
     State Bar No. 08741900
     207 East Main
     P.O. Box 1808
     Brenham, Texas 77834-1808
     Telephone: (979) 836-5664
     Telecopier: (979) 830-0913
     shaley@moormantate.com

{18705.43065-00397133.DOCX}

MONTEZ & PATTERSON

John H. Patterson, Jr.
State Bar No. 24027716
Thornton Plaza
508 Thorton, Suite 4
Cotulla, Texas  78014
Telephone:  (830) 483-5191
Telecopier:  (830) 483-5192
john@montezandpatterson.com

JOE RUBIO LAW FIRM

JOE RUBIO
State Bar No. 17362100
1000 Washington St., Ste. 4
Laredo, Texas  78040
Telephone:  (956) 712-2223
Telecopier:  (956) 712-2225
joerubio@joerubiolawfirm.com

Attorneys for Appellee,

*Grace River Ranch, LLC*

## APPELLEE REQUESTS ORAL ARGUMENT

# TABLE OF CONTENTS

**REFERENCES TO PARTIES**..................................................................................**2**

**REFERENCES TO RECORD**..................................................................................**2**

**ARGUMENTS AND AUTHORITIES**......................................................................**2**

    **A.**   **Grace River Was Awarded Permanent Injunction**...................................2

    **B.**   **Jurisdiction**................................................................................................3

    **C.**   **Evidence Supporting Permanent Injunction**............................................4

    **D.**   **Order Denying Second Petition for Mandamus**........................................4

**SUMMARY OF THE ARGUMENT**..........................................................................**5**

**PRAYER**....................................................................................................................**5**

{18705.43065-00397133.DOCX}

# TABLE OF AUTHORITIES

*Cases*

*Heckman v. Williamson County,* **369 S.W.3d 137 (Tex. 2012)** ..............................4

*Lehmann v. Har-Con Corp.,* **39 S.W.3d 191, 200 (Tex. 2001)**..............................3

*Texas Health Care Information v. Seton Health Plan, Inc.*, **94 S.W.3d 841 (Tex. App. – Austin 2002, aff'd in part, remanded in part)**..............................4

*Statutes*

**TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4)**................................................4

{18705.43065-00397133.DOCX}

No. 04-15-00127CV

IN THE COURT OF APPEALS

FOR THE 4TH JUDICIAL DISTRICT OF TEXAS

AT SAN ANTONIO

EL CABALLERO RANCH, INC.
AND LAREDO MARINE, L.L.C., *Appellants*

V.

GRACE RIVER RANCH, LLC, *Appellee*

Appealed from
the 218th District Court of
La Salle County, Texas

SUR REPLY BRIEF OF APPELLEE

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellee, Grace River Ranch, LLC respectfully files this Sur Reply Brief of Appellee, in this appeal[1] from a Partial Summary Judgment entered in the 218th District Court of La Salle County, Texas, the Honorable Stella Saxon, presiding.

---

[1] This is now the fifth appellate/original proceeding filed by Appellants in this case with this court.

1

{18705.43065-00397133.DOCX}

## REFERENCES TO PARTIES

Appellee, Grace River Ranch, LLC, is sometimes referred to herein simply as "Grace River." Appellant, El Caballero Ranch, Inc., is sometimes referred to herein simply as "El Caballero." Appellant, Laredo Marine, L.L.C., is sometimes referred to herein simply as "Laredo Marine." Intervenor, Robert W. Brittingham, is sometimes referred to herein simply as "Brittingham."

## REFERENCES TO RECORD

References to the transcript from the District Court of La Salle County are referred to as "CR" (Clerk's Record), or similar reference, followed by the appropriate Volume and Page number(s). Reference to the Reporter's Record are referred to as "RR" followed by the appropriate Volume and Page number(s).

## ARGUMENTS AND AUTHORITIES

**A.** **Grace River Was Awarded Permanent Injunction**. By the Partial Summary Judgment the trial court made a final determination of the validity, continuity, and extent of both the Grace River Easements and the Public Easement. *See* CR V, 285. In order to allow Grace River and the public to effectively exercise their property rights, the trial court entered a permanent injunction against

{18705.43065-00397133.DOCX}

any further interference with these easements by El Caballero and Laredo Marine. *See* CR V, 284-85.[2]

Appellants suggest by their Reply Brief that the Partial Summary Judgment granted more relief than Grace River sought. Appellants' Reply Brief at 10 *relying on Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001). The relief to which the summary judgment movant is entitled is determined by reference to the applicable pleadings. *Lehmann v. Har-Con Corp., supra* at 200. A request for injunctive relief was specifically contained in the Motion for Summary Judgment. CR I, 3. The permanent injunction granted was specifically pleaded for in Grace River's petition. *See* CR III, 424; Second Supplemental CR II, 29, 48.[3] Appellants misapprehend the record.

**B.** **<u>Jurisdiction.</u>** Appellants suggest by their Reply Brief that this Court lacks jurisdiction to consider the issue of whether the Partial Summary Judgment contained an interlocutory injunction. Appellants' Reply Brief at n.3. This fundamentally mistakes the law. Appellants' claim that the Partial Summary Judgment contains a temporary injunction is essential to this Court's jurisdiction. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). If the Partial Summary

---

[2] *Refer to* Appellee's Brief at A(3) for authorities regarding a permanent injunction in an interlocutory order.

[3] Appellants suggest (without reference to the record) that Grace River pleaded only for a temporary injunction. Appellants' Reply Brief at 6. The record does not support this statement.

{18705.43065-00397133.DOCX}

Judgment does not contain a temporary injunction, then there is no jurisdiction for this interlocutory appeal. *Id.* Courts always have jurisdiction to determine their own jurisdiction. *Heckman v. Williamson County,* 369 S.W.3d 137, 146 n. 14 (Tex. 2012). This Court has inherent jurisdiction to determine that the Partial Summary Judgment does not contain a temporary injunction.

**C.** **<u>Evidence Supporting Permanent Injunction</u>.** Appellants suggest that the injunctive relief in the Partial Summary Judgment is not supported by competent evidence. Appellants' Reply Brief at 12-13. The thread of this argument is that the extensive summary judgment evidence of Grace River was incompetent to support a permanent injunction. Appellants' Reply Brief at 12. Appellants mistake the law. A permanent injunction can be granted on the basis of summary judgment evidence. *Texas Health Care Information v. Seton Health Plan, Inc.*, 94 S.W.3d 841, 853 (Tex. App. – Austin 2002, aff'd in part, remanded in part).

**D.** **<u>Order Denying Second Petition for Mandamus</u>.** In *In re El Caballero Ranch, Inc.,* No. 04-15-00138-CV, Fourth Court of Appeals, San Antonio, Texas, this Court by order denied the second Petition for Writ of Mandamus filed in this case by El Caballero Ranch and Laredo Marine. Appellants suggest that such order determined that the Partial Summary Judgment contained a temporary, not permanent, injunction. Appellants' Reply Brief at n.5.

4

Appellants misapprehend the record.  The March 12, 2015 order neither contains the words "temporary" nor "injunction".  Indeed the March 12, 2015 order offers no expressed basis for denying the Petition for Writ of Mandamus.

## SUMMARY OF THE ARGUMENT

Grace River's pleadings supported the award of a permanent injunction against interference with the private and public easements.  This court has the inherent authority to determine that this interlocutory appeal is outside its appellate jurisdiction.  Summary judgment evidence will support the entry of a permanent injunction.  The order denying Appellants' Second Petition for Writ of Mandamus makes no determination of the nature of the injunction contained in the Partial Summary Judgment.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee prays that the Partial Summary Judgment of the trial court be affirmed in all things.

Dated:        August 14, 2015

Respectfully submitted,

MOORMAN TATE HALEY
 UPCHURCH & YATES, LLP

By:____/s/ STEVEN C. HALEY_____
        STEVEN C. HALEY
        State Bar No. 08741900
        207 East Main
        P.O. Box 1808

5

Brenham, Texas 77834-1808
Telephone: (979) 836-5664
Telecopier: (979) 830-0913
shaley@moormantate.com

MONTEZ & PATTERSON

John H. Patterson, Jr.
State Bar No. 24027716
Thornton Plaza
508 Thorton, Suite 4
Cotulla, Texas  78014
Telephone:  (830) 483-5191
Telecopier:  (830) 483-5192
john@montezandpatterson.com

JOE RUBIO LAW FIRM

JOE RUBIO
State Bar No. 17362100
1000 Washington St., Ste. 4
Laredo, Texas  78040
Telephone:  (956) 712-2223
Telecopier:  (956) 712-2225
joerubio@joerubiolawfirm.com

Attorneys for Appellee,

*Grace River Ranch, LLC*

{18705.43065-00397133.DOCX}

## CERTIFICATE OF SERVICE

I, Steven C. Haley, do hereby certify that on the 14th day of August, 2015, I served a true and correct copy of the foregoing pleading to the following, in accordance with the Texas Rules of Civil Procedure:

Annalyn G. Smith
Schmoyer Reinhard, LLP
17806 I-10W, Ste. 400
San Antonio, Texas 78257
E-mail: asmith@ar-llp.com

Kimberly S. Keller
Keller Stolarczyk PLLC
234 West Bandera Road, No. 120
Boerne, Texas 78006
E-mail: kim@kellsto.com

Donato D. Ramos
Donato D. Ramos, Jr.
Law Offices of Donato D. Ramos
6721 McPherson
P.O. Box 452009
Laredo, Texas 78045
donatoramosjr@ddrlex.com

/s/ STEVEN C. HALEY
STEVEN C. HALEY

7

## CERTIFICATE OF COMPLIANCE

The number of words in this Sur Reply Brief of Appellee, excluding those provisions described in Tex. R. App. P. 9.4(i)(1) is 1,363.  This figure is provided in reliance on the word count of the computer program used to prepare this document.

      /s/ STEVEN C. HALEY  
       STEVEN C. HALEY

{18705.43065-00397133.DOCX}